******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

VILLAGES, LLC *v.* ENFIELD PLANNING
AND ZONING COMMISSION
(SC 19334)
(SC 19335)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald, Espinosa and
Robinson, Js.*

Argued November 6—officially released December 29, 2015

*Kevin M. Deneen*, town attorney, with whom, on the
brief, was *Maria S. Elsden*, senior assistant town attor-
ney, for the appellant (defendant).

*Gwendolyn S. Bishop*, with whom, on the brief, was
*Paul Timothy Smith*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, the Enfield Planning and Zoning Commission, appeals, upon our grant of its petitions for certification, from the judgment of the Appellate Court affirming the judgments of the trial court sustaining the land use appeals of the plaintiff, Villages, LLC.[1] *Villages, LLC* v. *Enfield Planning & Zoning Commission*, 149 Conn. App. 448, 450, 89 A.3d 405 (2014). On appeal to this court, the defendant contends that the Appellate Court improperly upheld the trial court's determination that the defendant's decisions to deny the plaintiff's applications for a special use permit and an open space subdivision permit were not "honest, legal, and fair" because one of its commissioners was biased against the plaintiff, and had engaged in improper ex parte communications concerning the applications. Id., 455.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeals in these cases should be dismissed on the ground that certification was improvidently granted.

The appeals are dismissed.

* This case originally was scheduled to be argued before a panel of this court consisting of Chief Justice Rogers and Justices Palmer, Zarella, Eveleigh, McDonald, Espinosa and Robinson. Although Justice Robinson was not present when the case was argued before the court, he has read the briefs and appendicies, and listened to a recording of the oral argument prior to participating in this decision.

[1] In two separate orders, we granted the defendant's petitions for certification to appeal, limited to the following issue: "Did the Appellate Court properly determine that the trial court correctly sustained the plaintiff's appeals from the determinations of the defendant, the Enfield Planning and Zoning Commission?" *Villages, LLC* v. *Enfield Planning & Zoning Commission*, 312 Conn. 913, 93 A.3d 596 (2014).

As in the Appellate Court, the defendant's claims in each of the certified appeals are identical and are presented in a single brief. See *Villages, LLC* v. *Enfield Planning & Zoning Commission*, supra, 149 Conn. App. 448, 450 n.1, 89 A.3d 405 (2014).